**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NIKKI L. JOHNSTON,<br><br>　　　　Plaintiff<br><br>　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 22-1284 (CKK) |

**MEMORANDUM OPINION**
(October 24, 2022)

This Federal Tort Claims Act ("FTCA") case is before the Court on Defendant United

States of America's ("Defendant" or "United States") [15] Motion to Dismiss and Plaintiff Nikki

L. Johnston's ("Johnston") [17] Motion for Sanctions.  Plaintiff has sued the United States and

Defendant Whala B. Singh ("Singh") for injuries sustained from a collision between a

government vehicle driven by Eric Radwick, an employee of the United States General Services

Administration ("GSA"), and a vehicle driven by Singh in which Johnston was a passenger.

Johnson alleges her injuries were a proximate and legal result of either Radwick's negligence,

Singh's negligence, or both.  Because Johnston's claim as against the United States is untimely,

and upon consideration of the pleadings,[1] the relevant legal authorities, and the entire record, the

---

[1]  This Memorandum Opinion focuses on the following documents:
- Plaintiff's Amended Complaint, ECF No. 9 ("Am. Compl.");
- Defendant United States of America's Renewed Motion to Dismiss, ECF No. 15 ("MTD");
- Plaintiff's Memorandum in Response to Defendant United States of America's Motion to Dismiss, ECF No. 17 ("Pl.'s Opp.");
- Defendant United States of America's Reply in Support of its Renewed Motion to Dismiss, ECF No. 20 ("Repl.");
- Plaintiff's Motion for Rule 11 Sanctions Against the United States of America and Memorandum in Support, ECF No. 17 ("Sanctions Mot."); and

Court shall **GRANT** the United States' [15] Motion to Dismiss.  The legal infirmities requiring the United States' dismissal as a defendant carry over to Plaintiff's [17] Motion for Sanctions, so it shall be **DENIED**.  Additionally, because Plaintiff's [17] Motion for Sanctions is so utterly devoid of merit, the Court shall **GRANT** the United States' request for costs incurred in responding to the motion.

## I.  BACKGROUND

For the purposes of the motion to dismiss before it, the Court accepts as true the well-pleaded allegations in Plaintiff's Amended Complaint.  The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

The operative complaint's allegations are quite sparse.  Plaintiff, an Arkansan, was a passenger in Singh's car on February 3, 2020.  Am. Compl. ¶¶ 1, 6.  Singh's vehicle "collided with the vehicle being operated by Mr. Eric. Donald Radwick on behalf of the United States Government, its employee acting in the course and scope of his employment." *Id.* ¶ 6.  Both Singh and Radwick operated their cars negligently, injuring Plaintiff.  *Id.* ¶ 8.

On March 22, 2022, Plaintiff filed her initial complaint in the Superior Court for the District of Columbia.  There, despite Plaintiff's current acknowledgment that Radwick was acting in the course of her employment at the time of the purportedly tortious actions, Plaintiff sued Radwick (and Singh) in their personal capacities.  ECF No. 1-1 at 2.  By at least May 15, 2020, counsel for Plaintiff had concluded that Radwick was acting in the course of government

---

- Defendant United States of America's Opposition to Plaintiff's Motion for Rule 11 Sanctions ("Def.'s Opp.").

Plaintiff did not file a reply in support of her motion for sanctions.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

employment, filing a notice of claim pursuant to the FTCA.  *See* ECF No. 26-3.  Counsel for

Plaintiff evidently erroneously believed Radwick to be an employee of the United States Secret

Service based on what "the responding officer told Ms. Johnston."  *Id.*; Decl. of Nikki L.

Johnston, ECF No. 26-1 ¶ 3.  Radwick is, in fact, an employee of an entirely different federal

agency, the GSA.  Decl. of Eric D. Radwick, ECF No. 5-1 ¶ 1.  Based on counsel for Plaintiff's

erroneous belief, Plaintiff served a notice of claim upon the United States Secret Service, the

incorrect agency, effective January 31, 2022.  ECF No. 5 at 1.

      Because Radwick was acting in the course of his employment as a GSA employee,

Defendant United States removed the case from Superior Court to this court on May 3, 2022 by

filing its Westfall Certification, ECF No. 1-2.  This Court now has removal jurisdiction as to the

United States pursuant to 28 U.S.C. § 2679(d) and as to Singh pursuant to 28 U.S.C. §§ 1441(a)

and 1447(c).  Plaintiff effected service on Radwick and Singh on April 28, 2022.  Affidavits of

Service, *Johnston v. Singh*, 2022 CA 001295 V (D.C. Sup. Ct. May 4, 2022).  Plaintiff has not

yet served the United States.  *See* Pl.'s Opp. at 4-5.  Plaintiff filed her operative Amended

Complaint on June 6, 2022, and the United States' motion to dismiss that complaint is now ripe.

Although Plaintiff alleges in her amended complaint that Radwick was an employee of the Secret

Service, Plaintiff now concedes that Radwick was a GSA employee at the time of the alleged

tortious conduct.  ECF No. 26 at 1.  Plaintiff also filed a Rule 11 motion for sanctions against the

United States on July 28, 2022, arguing, essentially, that the pending motion to dismiss is

frivolous.  Mot. Sanctions at 4.  In response, the United States argues that the sanctions motion

"is a waste of judicial time and resources because it completely lacks merit."  Def.'s Opp. at 8.

This motion is also ripe for resolution.

## II.   LEGAL STANDARDS

### A.  Motion to Dismiss for Lack of Jurisdiction

To survive a motion to dismiss pursuant to Rule 12(b)(1), plaintiff bears the burden of establishing that the court has subject matter jurisdiction over its claim.  *See Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007).  In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).  "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citations omitted).  When considering whether to dismiss for lack of jurisdiction, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the [jurisdictional] question." *Competitive Enter. Inst. v. EPA*, 153 F. Supp. 3d 376, 382 (D.D.C. 2016) (internal quotation marks omitted).

### B.  Motion to Dismiss for Ineffective Service

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003).  The plaintiff "bears the burden of proving that she has effected proper

service." *Jouanny v. Embassy of France*, 220 F. Supp. 3d 34, 37-38 (D.D.C. 2016).  Insufficient service is a "fatal jurisdictional defect" and grounds for dismissal.  *Id.* at 38.

## III.   DISCUSSION

### A.  Motion to Dismiss

#### 1.   Service of Process

The United States first argues that this case should be dismissed without prejudice for ineffective service.  Citing nothing but the Federal Rules of Civil Procedure, the United States argues that Plaintiff must serve the United States upon removal under the Westfall Act despite Plaintiff having already effected service upon Radwick.  Not so.  Although Federal Rule of Civil Procedure 4(i) normally governs service of process upon the United States, its instrumentalities, and its employees, the Westfall Act obviates that requirement.  Pursuant to 28 U.S.C. § 2679(c), once an individual employee receives service of process, they must "deliver within such time after date of service . . . all process served upon [them] . . . to [their] immediate supervisor" who then must forward that service of process "to the United States attorney for the district embracing the place wherein the proceeding is brought."  In other words, once the employee is effectively served, they become "the agent for service of process for the United States."  *McGowan v. Williams*, 623 F.2d 1239, 1244 (7th Cir. 1980).  Because Radwick was effectively served in his personal capacity, no further service of process was necessary when the United States removed this case pursuant to 28 U.S.C. § 2679(d).

#### 2.   Statute of Limitations

More successfully, the United States argues that the Court should dismiss this matter with prejudice because the statute of limitations has run on Plaintiff's claim against the United States. Pursuant to 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Here, the parties agree that the "appropriate Federal agency" was the United States General Services Administration.  Plaintiff, however, never served a claim on the GSA, and instead only on the United States Secret Service.  Relying on a baseless reading of *Odin v. United States*, 656 F.2d 798 (D.C. Cir. 1981) and a particular regulation, Plaintiff insists that this should be enough, reading "*appropriate* Federal agency" to mean "*any* Federal agency."  Needless to say, neither statute nor caselaw may rewrite a statute, and *Odin* unsurprisingly does not stand for the proposition Plaintiff claims it does.

In *Odin*, the Court of Appeals held that, for the purposes of 28 U.S.C. § 2675(a), "'a final agency action' occurs when the agency has taken the final step necessary to settle [a] claim." *Id.* at 804.  This holding, of course, has nothing to do with service of a claim upon the "appropriate Federal agency."  In a footnote, *Odin* mentions that, pursuant to 28 C.F.R. § 14.2(a), a federal agency "shall transfer [a claim] forthwith to the appropriate agency" if the claim is first "presented to the wrong Federal agency." *Id.* at 803 n.22.  From this footnote, Defendant maintains that it is the settled law of this Circuit that a plaintiff properly serves a notice of claim so long as it is delivered to *some* federal agency.  Plaintiff misconstrues the regulation on which she relies.   In fact, the regulation provides that "[a] claim shall be presented as required by 28 U.S.C. [§] 2401(b) as of the date it is received *by the appropriate agency*." 28 C.F.R. § 14.2(b)(1) (emphasis added).  Whatever duty the Secret Service may have had here to forward Plaintiff's claim, even the regulation on which Plaintiff relies makes clear section 2401(b)'s plain meaning:  the "appropriate Federal agency" must receive a plaintiff's claim within two years

from when a plaintiff's claim accrues.

Plaintiff does not meaningfully contest the United States' view on when Plaintiff's claim accrued, but the Court shall pause to address the issue. Plaintiff asserts but one claim of vehicular negligence. A claim of vehicular negligence cognizable through the FTCA accrues at the time of the collision. *E.g.*, *Hardie v. United States v. United States*, 501 F. Supp. 3d 152, 158 (E.D.N.Y. 2020). Because, pursuant to section 2401(b), Plaintiff must have submitted her claim to GSA within two years of the accident, February 3, 2020, section 2401(b)'s limitations period ran on February 3, 2022. To date, as the claim has not been presented to the GSA, this action as against the United States is time-barred. As such, the Court shall dismiss the United States as a defendant.

### B. Motion for Sanctions

Plaintiff's motion for sanctions appears to argue that the United States should be sanctioned for: (1) moving to dismiss for an "improper purpose," Fed. R. Civ. P. 11(b)(1); (2) moving to dismiss based on "legal contentions that are not warranted by existing law," Fed. R. Civ. P. 11(b)(2); and (3), moving to dismiss based on "factual contentions that are neither warranted by the evidence nor reasonably based on belief or a lack of information," Fed. Civ. P. 11(b)(4). Sanctions Mot. at 4. Each of these invocations of Rule 11 seem to revolve around the central argument that the United States "aver[ing] that sending the FTCA claim to the wrong federal agency is grounds for dismissal[ is] in contrast to the law and well settled policies of both the courts and the Federal government." *Id.* As explained above, it is not the United States that "failed to make a reasonable inquiry into the facts or law before filing," as Plaintiff charges, but counsel for Plaintiff himself.

As noted above, the regulation on which Plaintiff relies reaffirms the plain text of section

2401(b):  "A tort claim against the United States shall be forever barred unless it is presented in writing to the *appropriate Federal agency* within two years after such claim accrues . . ." (emphasis added).  *Supra* at 6.  Furthermore, as explained above, *Odin* does not remotely stand for the proposition advanced by Plaintiff.  *Id.* at 6-7.  Finally, Plaintiff's failure to notify counsel for Defendant in advance of filing is another reason to deny Plaintiff's Rule 11 motion.  *See TJGEM LLC v. Repub. of Ghana*, 26 F. Supp. 3d 1, 15 (D.D.C. 2013).  For these reasons, the Court must deny Plaintiff's motion for sanctions as procedurally improper and devoid of legal basis on the merits.  Finally, because Plaintiff's motion for sanctions is so utterly meritless, the Court shall exercise its discretion to award the United States costs pursuant to Rule 11(c)(2).

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' [15] Motion to Dismiss and **DENIES** Plaintiff's [17] Motion for Sanctions.  The Court also **GRANTS** the United States' request for costs pursuant to Federal Rule of Civil Procedure 11(c)(2), pending the submission of an accounting due on or before **November 4, 2022**.  The Court shall defer dismissing the United States as a defendant until the resolution of that accounting.

Dated: October 24, 2022

                              /s/
                              COLLEEN KOLLAR-KOTELLY
                              United States District Judge